IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| KEVIN REVELS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv1198 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Kevin Revels, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the computation of his sentence. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by the multiplicity of sanctions which have been imposed upon Revels. *See Revels v. Johnson*, civil action no. 9:97cv207 (E.D.Tex., September 17, 1997) (Revels sanctioned $100.00 and the Clerk ordered not to accept any future filings from him until the sanction is paid); *In re Revels*, slip op. no. 98-11423 (5th Cir., December 23, 1998) (Revels barred from filing any *pro se* pleadings in the Fifth Circuit or any court subject to its jurisdiction without advance written permission from a judge of the Court); *Johns v. Cockrell*, civil action no. H-02-0927 (S.D.Tex., March 25, 2002) (sanction of $100.00 imposed for trying to circumvent the Fifth Circuit bar by using the name Jerry Lynn Johns). The Magistrate Judge observed that in total, Revels has accumulated over $500.00 in sanctions and does not allege, much less show, that any of these sanctions have been satisfied.

1

The Magistrate Judge also stated that numerous lawsuits and petitions by Revels have been dismissed for failure to satisfy sanctions. *See, e.g.*, *Revels v. Director, TDCJ*, civil action no. 6:11cv65 (E.D.Tex., dismissed March 23, 2011); *Revels v. Bobbitt*, civil action no. 9:09cv79 (E.D.Tex., dismissed June 26, 2009); *Revels v. Director, TDCJ*, civil action no. 9:02cv340 (E.D.Tex., dismissed February 13, 2003); *Revels v. Argo*, 4:07cv3027 (S.D.Tex., September 25, 2007).

Because Revels has not shown that he has satisfied the sanctions which have been imposed upon him and has not sought or received permission to file this habeas petition, the Magistrate Judge recommended that the petition be dismissed without prejudice, with refiling conditioned on the satisfaction of all sanctions and receipt of permission from a judge of this Court to file his petition.

Revels received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")  It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** as to its refiling when both conditions - the satisfaction of all sanctions

and receipt of permission to file from a judge of this Court - have been satisfied, but with prejudice as to its refiling before both of these conditions are met. It is further

**ORDERED** that the Petitioner Kevin Revels is **DENIED** a certificate of appealability *sua sponte*. The denial of this certificate relates only to an appeal of the present case and has no effect upon Revels' right to refile his petition when both conditions have been met. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Mar 3, 2017**

_____
Ron Clark, United States District Judge